UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
Civil Division

Stephen A. Bou,                          :
Personal Representative                  :
of the Estate of Christopher E. Bou,     :
Dec'd.                                   :
7000 Maple Avenue                        :
Chevy Chase, MD 20815                    :
                                         :
          and                            :          Case No. _____
                                         :
Edward C. Bou                            :
5607 Ontario Circle                      :
Bethesda, MD 20816                       :
                                         :
          Plaintiffs,                    :
                                         :
          v.                             :
                                         :
Patrick D. O'Meara, D.O.                 :
330 S. 9th Street                        :
Montrose, CO 81401                       :
                                         :
          and                            :
                                         :
Patrick D. O'Meara, D.O., P.C.           :
A Colorado Corporation                   :
SERVE: Registered Agent                  :
Patrick D. O'Meara                       :
330 S. 9th Street                        :
Montrose, CO 81401                       :
                                         :
          Defendants.                    :

## COMPLAINT FOR DAMAGES UNDER THE COLORADO WRONGFUL DEATH AND SURVIVAL STATUTES

Come now Plaintiffs Stephen A. Bou, Personal Representative of the Estate of

Christopher E. Bou and Edward C. Bou, and bring this action against Defendants Patrick D.

O'Meara, D.O. and Patrick D. O'Meara, D.O., P.C. and for their Complaint state:

1.      This Honorable Court has jurisdiction hereof by virtue of 28 USC Section

1332(a), by virtue of diversity of citizenship of the parties. All Plaintiffs are residents of the State of Maryland. Defendant Patrick D. O'Meara, D.O. is a resident of the State of Colorado. Defendant Patrick D. O'Meara, D.O., P.C. is a professional corporation, incorporated under the laws of this state with its principal place of business located in Montrose, Colorado. This is an action to recover damages in excess of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

2.    Plaintiff, Stephen A. Bou, is the Personal Representative of the Estate of Christopher E. Bou- duly qualified and appointed as such on May 19, 2009 by the Circuit Court for Montgomery County, Maryland, Office of the Register of Wills, Estate No. W61781, and is within the jurisdiction of this Court.

3.    Plaintiff, Edward C. Bou is the natural father of Christopher E. Bou, deceased. Edward C. Bou brings this wrongful death action on behalf of all the surviving heirs of Christopher E. Bou, who died on May 7, 2009, in Bethesda, Maryland.

4.    Defendant, Patrick D. O'Meara, D.O. did cause a tort to occur in the State of Colorado.

5.    Defendant, Patrick D. O'Meara, D.O. is a licensed physician practicing medicine in Colorado, holding himself out to the public as an board certified family practitioner, with an office address of  330 South 9th Street, Montrose, CO 81401.

6.    Venue in this court is proper pursuant to 28 U.S.C. Section 1401 inasmuch as Defendant, Patrick D. O'Meara, D.O. resides in Montrose, Colorado and Defendant Patrick D. O'Meara, D.O., P.C. maintains its principal place of business in Montrose, Colorado.

7.     Christopher E. Bou was a patient of Patrick D. O'Meara between 1998 and 2008.

8.     Christopher E. Bou engaged for compensation the services of Patrick D. O'Meara to examine, diagnose, prescribe medications, laboratory testing, if necessary, refer to other physicians where appropriate, and to care for and treat any problems relating to his general wellness and health, or conditions arising therefrom.

9.     In July 2004, Christopher E. Bou had laboratory testing which found abnormal liver tests: High total bilirubin and elevated ALT and AST level and new onset thrombocytopenia. These laboratory tests were all indicative of liver disease. Appropriately, Defendant Patrick D. O'Meara repeated these tests, but did not appear to take medical history regarding liver disease nor recognize the new thrombocytopenia.

10.     In September 2004 repeat liver tests were conducted that confirmed the abnormalities with a higher total bilirubin. No additional testing was performed.  In the context of September 2004 elevated liver test, the standard of care outlined by the CDC recommendation for HCV is to test for HCV antibody.  This was not done until 2006.

11.     In March 2006, the diagnosis of hepatitis was confirmed by HCV antibody testing. Laboratory testing continued to show concerning liver disease with a high total bilirubin, low albumin and elevated ALT and AST level. This diagnosis of HCV infection should have prompted additional testing and referral to a specialist in liver disease. This is clearly the standard of care in the management of a patient infected with HCV. Patrick D. O'Meara failed to make such referrals and did not act on this diagnosis.

3

12.   In June 2008, Christopher E. Bou developed profound volume overload manifested by lower extremity edema and weight gain. He was started on diuretics but the recognition that this process represented volume overload due to liver disease did not occur. Indeed, there is no evidence that a work-up was undertaken to understand the cause of this lower extremity edema.

13.   In September 2008, confirmation of HCV infection with PCR testing and consideration of referral to hepatology was documented. However, at this late stage, the liver cancer was already present and Christopher E. Bou had less than six months to live.

14.   In October 2008, Christopher E. Bou was evaluated by Mark Sulkowski, M.D., Medical Director of the Viral Hepatitis Center, at the Johns Hopkins Medical Institution, Baltimore, Maryland. Mr. Bou was self-referred for a new diagnosis of chronic hepatitis C virus (HCV) infection. Dr. Sulkowski's initial assessment was that Christopher Bou had evidence of end stage liver disease, which was indicated by the presences of ascites fluid and jaundice on exam as well as liver synthetic dysfunction and thrombocytopenia on laboratory testing. Dr. Sulkwoski, due to his concern about his liver disease, arranged for an urgent CT scan which was performed on the same day at Johns Hopkins. The CT scan revealed evidence of cirrhosis and massive liver lesion with malignant thrombus in the portal vein. The diagnosis of hepatocellular carcinoma was confirmed by the finding of markedly elevated serum alfa fetoprotein level in excess of 29,000 ng/dL (normal is less than 10 ng/dL). Unfortunately, the underlying disease was too advanced to offer more than palliative therapy, including, but not limited to, surgically administered

chemotherapy (TACE) procedures. Christopher E. Bou was not a candidate for life-saving liver transplant due to the advanced nature of his disease. In addition, he was not a candidate for HCV treatment due to his terminal liver disease. Christopher E. Bou ultimately died on May 7, 2009.

15.     Christopher E. Bou's primary cause of death was determined to be obstructive jaundice, due to hepatocellular carcinoma, due to Hepatitis C virus (HCV) infection.

## COUNT ONE
## WRONGFUL DEATH ACTION (C.R.S.A. Section 13-21-201 et seq.)
(Patrick D. O'Meara, D.O.)

16.     Defendant Patrick D. O'Meara, D.O. owed a duty to provide reasonable and appropriate medical care to Christopher E. Bou.

17.     Defendant Patrick D. O'Meara, D.O. was negligent and deviated from the appropriate standard of care for a family practitioner, specifically:

A.     Defendant failed to properly investigate the cause of Christopher E. Bou's symptoms after plaintiff was in consultation with him beginning in July, 2004;

B.     Defendant failed to identify the cause of Christopher E. Bou's symptoms as possible early signs of liver disease and/or hepatitis C virus (HCV) infection and in need of further evaluation;

C.     Defendant failed to diagnose Christopher E. Bou's condition after he became aware of his patient's symptoms and abnormal liver testing and blood results beginning in July, 2004;

D.     Defendant failed to apprise Christopher E. Bou of the possible serious

nature of his liver disease and/or hepatitis C virus (HCV) infection;

E.     Defendant failed to refer Christopher E. Bou to appropriate physicians for examination  and treatment of liver disease and/or hepatitis C virus (HCV) infection when plaintiff presented for examination beginning in July, 2004.

18.    Patrick D. O'Meara, D.O.'s conduct failed to comply with the standard of care and therefore he was negligent.

19.    To a reasonable degree of medical probability, Christopher E. Bou's death could have been avoided had he received appropriate medical care and treatment from the Defendant.

20.    As a direct result of Defendant's negligence, Christopher E. Bou suffered fatal injuries as set forth above, and Plaintiff Edward C. Bou claims reimbursement for his son's funeral, burial and cremation expenses and related damages. Further, the Plaintiff, Edward C. Bou, has suffered grief, loss of companionship, inconvenience, pain and suffering, emotional distress and has been deprived of the comfort, joy and love of his son and has incurred significant loss of enjoyment of life as a result of his son's death.

WHEREFORE, Plaintiff Edward C. Bou requests that this court enter judgment in his favor and against Defendant, Patrick D. O'Meara, D.O. and award to him:

A.     Such actual damages as this court may deem just and proper;

B.     Costs of this action;

C.     Reasonable attorney fees;

D.     Expert witness fees;

E.      Pre-judgment and post-judgment interest on any award of damages to the

extent permitted by law; and

F.      Such other and further relief as this court may deem appropriate.

## COUNT TWO
## SURVIVAL ACTION (C.R.S. Section 13-20-101 et seq.)
(Patrick D. O'Meara, D.O.)

Plaintiffs incorporate paragraphs 1 through 20 of their Complaint as if fully set

forth herein.

21.     As a direct result of Defendant's negligence, Christopher E. Bou,

contracted terminal liver cancer, and received medical care and treatment in an effort to

be cured of said illness.

22.     That Christopher E. Bou underwent extensive, exhaustive and disabling

medical treatment for approximately seven months, after being diagnosed with his

illness,  with various health care providers, specialists, and hospitals causing him to

incur substantial medical bills and related funeral, burial and cremation expenses.

23.     That said illness became so profound and disabling that Christopher Bou

was unable to engage in any meaningful employment and, as a result of which, he

suffered a substantial loss of earnings up to the time of his death.

WHEREFORE, Plaintiff Stephen A. Bou, Personal Representative of the

Estate of Christopher E. Bou, requests that this court enter judgment in his favor

and against Defendant, Patrick D. O'Meara, D.O. and award to him:

A.      Such actual damages as this court may deem just and proper;

B.      Costs of this action;

C.      Reasonable attorney fees;

7

D.    Expert witness fees;

E.    Pre-judgment and post-judgment interest on any award of damages to the extent permitted by law; and

F.    Such other and further relief as this court may deem appropriate.

## COUNT THREE
## WRONGFUL DEATH ACTION (C.R.S.A. Section 13-21-201 et seq.)
(Patrick D. O'Meara, D.O., P.C.)

Plaintiffs incorporate paragraphs 1 through 20 of their Complaint as if fully set forth herein.

24.    Upon information and belief, Patrick D. O'Meara, D.O. was employed by Patrick D. O'Meara, D.O., P.C. at all times relevant to this action.

25.    The acts of Patrick D. O'Meara, D.O. occurred within the scope of his employment with Patrick D. O'Meara, D.O., P.C.

26.    That Patrick D. O'Meara, D.O., P.C. is liable for the acts of Patrick D. O'Meara, D.O. under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff Edward C. Bou requests that this court enter judgment in his favor and against Defendant, Patrick D. O'Meara, D.O., P.C. and award to him:

G.    Such actual damages as this court may deem just and proper;

H.    Costs of this action;

I.    Reasonable attorney fees;

J.    Expert witness fees;

K.    Pre-judgment and post-judgment interest on any award of damages to the extent permitted by law; and

L.    Such other and further relief as this court may deem appropriate.

8

## COUNT FOUR
## SURVIVAL ACTION (C.R.S. Section 13-20-101 et seq.)
### (Patrick D. O'Meara, D.O., P.C.)

Plaintiffs incorporate paragraphs 1 through 26 of their Complaint as if fully set forth herein.

WHEREFORE, Plaintiff Stephen A. Bou, Personal Representative of the Estate of Christopher E. Bou, requests that this court enter judgment in his favor and against Defendant, Patrick D. O'Meara, D.O., P.C. and award to him:

A.   Such actual damages as this court may deem just and proper;

B.   Costs of this action;

C.   Reasonable attorney fees;

D.   Expert witness fees;

E.   Pre-judgment and post-judgment interest on any award of damages to the extent permitted by law; and

F.   Such other and further relief as this court may deem appropriate.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**

DATED this 5th day of May, 2011.

Respectfully submitted,

Stephen A. Bou
7000 Maple Avenue
Chevy Chase, MD 20815
(301) 652-2730
E-Mail: Stephen@BouandBou.com
*Plaintiff*

Edward C. Bou
5607 Ontario Circle
Bethesda, MD 20816
(301) 229-2251
E-Mail: Legal@BouandBou.com
*Co-Plaintiff*